# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01422-COA

ANTHONY EARL LOVERN A/K/A ANTHONY LOVERN         APPELLANT

v.

STATE OF MISSISSIPPI         APPELLEE

DATE OF JUDGMENT:     08/29/2016
TRIAL JUDGE:     HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     ANTHONY EARL LOVERN (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
    BY: BILLY L. GORE
NATURE OF THE CASE:     POST-CONVICTION RELIEF
DISPOSITION:     AFFIRMED - 09/05/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1. In December 2009, Anthony Earl Lovern pled guilty to gratification of lust (Count I) and statutory rape (Count II). In his plea petition and at his plea hearing, Lovern admitted under oath that he had rubbed his penis against the vaginal area of a twelve-year-old child for the purpose of gratifying his lust; this occurred in 2006 when Lovern was approximately twenty-nine years of age. Lovern also admitted under oath that he had sexual intercourse with an eleven-year-old child (a different child); this occurred in 2005 when Lovern was approximately twenty-eight years of age. The circuit court accepted Lovern's plea after finding that it was knowing, voluntary, and supported by a sufficient factual basis. The court

sentenced Lovern to fifteen years on Count I, with five years suspended, and ten years on Count II, with ten years suspended, said sentences to run concurrently, and five years of supervised probation.

¶2.    On August 22, 2016, Lovern filed a petition for post-conviction relief in the circuit court. He alleged that he is actually innocent of the charges, that his plea was "entered due to coercion and fear induced by his defense attorney," and that there was not a sufficient factual basis for his plea. Lovern's petition is supported by only his own allegations and is refuted by his plea petition and the transcript of his plea hearing. The circuit court concluded that Lovern's petition was time-barred because it was filed almost seven years after he pled guilty and did not fall within any of the exceptions to the statute of limitations of the Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) (a motion for post-conviction relief must be filed within three years after the entry of a judgment of conviction based on a guilty plea).

¶3.    The circuit court correctly ruled that Lovern's claims are time-barred and without merit. Therefore, we affirm.

¶4.    **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**